**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 3, 2026

**By ECF**
The Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

In light of the parties' agreement that "the scheduled conference and full briefing is not necessary," the conference scheduled for April 6, 2026 is adjourned *sine die*.

SO ORDERED.
Jennifer H. Rearden
Jennifer H. Rearden, U.S.D.J.
Date: April 5, 2026

Re: *Yan v. Almodovar, et al.*, No. 26 Civ. 2654 (JHR)

Dear Judge Rearden:

This Office represents the Government in the above-referenced immigration habeas corpus action, brought by Fengqi Yan("Petitioner"), a noncitizen challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). On March 31, the Court issued an order scheduling a conference for April 6 at 10:00 a.m. and directing the parties to confer and file a joint letter by April 3, stating whether the conference is necessary and addressing how the Court should handle the present Petition. ECF No. 3. The Court further directed the Government to address (1) whether the petitioner was present in the Southern District of New York at the time the petition was filed; and (2) whether, "if Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), there is any basis to distinguish this case from *Weng v. Genalo*, No. 25 Civ. 9595 (JHR), 2026 WL 194248 (S.D.N.Y. Jan. 25, 2026), (and, if not, whether Petitioner would consent to denial of the writ—subject to preservation of Petitioner's arguments for appeal)." *Id.*

The parties write respectfully to respond to the Court's order. In short, the parties agree that the scheduled conference and full briefing is not necessary in light of the positions taken herein.

**Petitioner's Position**

While respectfully disagreeing with the Court's prior decision in *Weng v. Genalo*, No. 25 Civ. 9595 (JHR) (S.D.N.Y. Jan. 25, 2026), Petitioner concedes that the facts and issues in that *Weng v. Genalo* are materially indistinguishable from this case. Therefore, Petitioner believes that the Court should cancel the conference scheduled for April 6, 2026 at 10:00 a.m. and render a decision without additional briefing. However, Petitioner reserves all rights and arguments for appeal, including its position that Petitioner's detention falls under 8 U.S.C. § 1226, and that Respondents' conduct violates his due process rights.

**The Government's Response to the Court's Questions**

First, Petitioner was detained within the Southern District of New York at the time the habeas petition was filed, and so venue is proper in this Court.

Second, with respect to the Court's question concerning its decision in *Weng*, the short answer is no, this case is not materially distinguishable, and thus, the Government submits that the Court's decision *Weng* would control the result in this case if the Court adheres to it. The primary legal issue presented in the Petition concerns the statutory authority for Petitioner's detention—whether it is 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b)(2)(A)—and the attendant due process issues stemming from such authority. This Court has already resolved that issue in *Weng* and *Espinoza Lopez v. Noem*, 26 Civ. 345 (JHR), 2026 WL 266597 (S.D.N.Y. Feb. 2, 2026), concluding that § 1225(b)(2)(A), not § 1226, was the correct detention authority for an applicant for admission under similar circumstances. This case is not materially distinguishable from those decisions for purposes of that statutory question.

Briefly, Petitioner is a native and citizen of China who unlawfully entered the United States without inspection on or about February 5, 2024. He was apprehended by Border Patrol the same day, at which time he was arrested, served a Notice to Appear that charged him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), and released on his recognizance. On December 11, 2025, Petitioner was arrested by the NYPD and charged with petit larceny. On March 31, 2026, Petitioner reported to ICE at 26 Federal Plaza for a check-in, at which time he was taken into custody. ICE served Petitioner with a Form I-200 Warrant for Arrest and canceled his Form I-220A Order of Release on Recognizance. ICE is detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

This case is not materially distinguishable from the Court's decisions in *Weng* and *Esperanza Lopez* (brief descriptions of each case follows below), and so there is no basis to distinguish this case from the Court's prior rulings. Consequently, this Court's decisions in *Weng* and *Espinoza Lopez* should control the result in this case if the Court adheres to its prior decisions. Similar to *Weng*, Petitioner is an alien who illegally entered the United States without inspection or admission and is deemed an inadmissible applicant for admission. Thus, he is lawfully detained pursuant to § 1225(b)(2)(A). Further, given his manner of entry, he is deemed an applicant for admission and thus is treated for constitutional purposes as if he had been stopped at the border, and thus, consistent with this Court's prior rules, neither his procedural nor substantive due process rights have been violated. To conserve judicial resources and to expedite the Court's consideration of this case, the Government is content to rely upon the legal arguments it presented in *Weng* and *Espinoza Lopez*, as the legal issues and arguments are the same, and the Court should deny the petition.

***Weng v. Genalo*** On January 25, 2026, this Court issued a decision on the principal question presented in this action in a similar habeas case challenging an alien's apprehension by ICE at a scheduled appointment at 26 Federal Plaza, and his subsequent detention under 8 U.S.C. § 1225(b)(2)(A). *Weng*, 2026 WL 194248, at *2. In *Weng*, the petitioner illegally entered the United States in November 2024 and filed an application for asylum in the interim, but was taken into custody by ICE in November 2025 and detained pending the resolution of his removal proceedings. *Id.* The petitioner filed a habeas petition seeking release from ICE custody or, in the alternative, an order declaring that he was entitled to a bond hearing. *Id.* at *2. He contended that in November 2024, he was released into the United States under 8 U.S.C. § 1226, and that ICE had violated his statutory and constitutional rights by later detaining him under 8 U.S.C. § 1225(b)(2)(A). *Id.*

This Court noted that the petitioner "entered the United States … without having been paroled or admitted" and was charged as "charged ... with removability." *Id.* at *1, 7. As a result, this Court determined that 8 U.S.C. § 1225(b)(2) governed detention, because Petitioner "remains 'on the threshold of initial entry,' as a matter of law." *Id.* (quoting *Liang v. Almodovar*, No. 25 Civ. 9322 (MKV), 2025 WL 3641512 (S.D.N.Y. Dec. 15, 2025). In so doing, this Court disagreed with numerous judges in this district and other jurisdictions who have held that "1225(b)(2) simply does not apply to any alien who is 'already in the country.'" *Id.* at *4 (citing *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 2025 WL 2371588, at *4 (S.D.N.Y. Aug. 13, 2025); *J.G.O. v. Francis*, No. 25 Civ. 7233 (AS), 2025 WL 3040142, at *3 (S.D.N.Y. Oct. 28, 2025); *Tumba v. Francis*, No. 25 Civ. 8110 (LJL), 2025 WL 3079014, at *3 (S.D.N.Y. Nov. 4, 2025)). This Court further held that, although other judges in this district have interpreted Section 1225 to apply to aliens who are "actively seek[ing] admission," the statute specifically defined the term "applicant for admission" to "include an 'alien present in the United States who has not been admitted." *Id.* at *3 (quoting 8 U.S.C. § 1225(a)).

***Espinoza Lopez v. Noem*** On February 2, 2026, this Court issued a second decision on the same principal question presented in this action in another habeas case challenging ICE's apprehension of an alien who was encountered in East Elmhurst, New York, and his detention under 8 U.S.C. § 1225(b)(2)(A). *Espinoza Lopez*, 2025 WL 266597, at *1. This Court relied on *Weng* and again held that "'an alien present in the United States who ha[d] not been admitted'—that is, 'who ha[d] not lawfully entered'—the Court deemed him 'an applicant for admission.'" *Id.* at *2 (*Weng*, 2026 WL 194248, at *3). Accordingly, this Court held that the petitioner "'shall be detained' pending resolution of his removal proceedings." *Id.* (citing 8 U.S.C. § 1225(b)(2)(A)).

This Court also considered whether the petitioner's detention under Section 1225(b) comports with due process, and held that it did, because for an applicant for admission such as petitioner, "'[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.'" *Id.* (quoting *Weng*, 2026 WL 194248, at *7 (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953))).

* * *

We thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: /s/ *Brandon M. Waterman*
BRANDON M. WATERMAN
Assistant United States Attorney
Telephone: (212) 637-2743
E-mail: brandon.waterman@usdoj.gov

cc: Counsel of Record (via ECF)