UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FENGQI YAN,

      Plaintiff,

    -v.-

JUDITH ALMODOVAR et al.,

      Defendants.

26 Civ. 2654 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

On March 31, 2026, Petitioner Fengqi Yan filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. The Court directed the parties to appear for a

case management conference on April 6, 2026 and to file a joint letter, by no later than April 3,

2026, "stating whether the conference [was] necessary and addressing how the Court should

handle this Petition." ECF No. 3. On April 3, 2026, the parties filed a letter stating that "[t]he

primary legal issue presented in the Petition concerns the statutory authority for Petitioner's

detention—whether it is 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b)(2)(A)." ECF No. 6 at 2.

Petitioner acknowledged that "the facts and issues in [] *Weng v. Genalo* are materially

indistinguishable from this case" and "reserve[d] all rights and arguments for appeal, including

[his] position that Petitioner's detention falls under 8 U.S.C. § 1226." *Id.* at 1. Respondents

stated that Petitioner "unlawfully entered the United States without inspection on or about

February 5, 2024" and "was apprehended by Border Patrol the same day, at which time he was

arrested, served a Notice to Appear that charged him as inadmissible under 8 U.S.C.

§ 1182(a)(6)(A)(i), and released on his [own] recognizance." *Id.* at 2.

On April 29, 2026, Petitioner filed an emergency motion for a temporary restraining order[1] and preliminary injunction in light of the Second Circuit's decision in *Barbosa Da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026).  ECF No. 8.  Petitioner argued that *Da Cunha* "squarely holds that § 1226(a), not § 1225(b)(2)(A), governs the detention of noncitizens who, like Petitioner, are already present in the United States after entering without inspection and who were not apprehended at or near the border at the time of entry."  ECF No. 8-1 at 4.  The Court directed Respondents to file a letter by April 30, 2026 "address[ing] the impact of *Cunha v. Freden*, No. 25-3141 (2d Cir. Apr. 28, 2026), on this case."  ECF No. 9.

On April 30, 2026, Respondents filed a letter contending, in relevant part, that "*Da Cunha* does not prohibit Petitioner['s] detention pursuant to 8 U.S.C. § 1225(b)(2)(A) because Petitioner was apprehended at or near the border," and that *Da Cunha* "treats noncitizens who were apprehended near the border and paroled in, as Petitioner was, [as] within the 1225(b)(2) ambit."  ECF No. 11 at 3.  Respondents noted that "DHS is still assessing the impact of *Da Cunha*" and that Respondents "would notify the court if [their] understanding of the agency's position change[d]."  *Id.*  Respondents attached a copy of Petitioner's Record of Deportable/Inadmissible Alien, Form I-213, which describes Petitioner's immigration history as follows:

> On February 5, 2024, YAN unlawfully entered the United States of America near Tecate, CA from Mexico at a time and place other than as designated by the Secretary of Homeland Security.
>
> On February 6, 2024, YAN was served with a Notice to Appear and placed in removal proceedings per Section 212(a)(6)(A)(i) of the INA and released on his own Recognizance pending [his] immigration hearing.

---

[1] On May 4, 2026, Petitioner requested "to withdraw the Motion for TRO" at ECF No. 8.  ECF No. 16.

ECF No. 11-1 at 2.  Respondents also attached a copy of Petitioner's February 6, 2024 Order of Release, which states that Petitioner was "released on [his] own recognizance" "[i]n accordance with section 236 of the Immigration and Nationality Act."  ECF No. 11-3; *see also* ECF Nos. 11-2, 11-4.  Respondents have continued to assert that Petitioner is properly detained pursuant to Section 1225.  *See* ECF No. 18 at 1 (letter from Respondents reiterating that "*[D]a Cunha* does not prohibit Petitioner's detention pursuant to 8 U.S.C. § 1225(b)(2)(A) because Petitioner was initially apprehended at or near the border, was detained pursuant to 8 U.S.C. § 1225(b)(2)(A), and paroled into the United States.").

On May 22, 2026, in a separate habeas case pending before this Court—*Allen v. Department of Homeland Security*, No. 26 Civ. 4142—Respondent the Department of Homeland Security ("DHS") took a different position.  In a letter responding to the *Allen* petition, DHS depicted the petitioner as having been "encountered at the threshold of initial entry, [and] released [ ] pursuant to 8 U.S.C. § 1226(a) on an Order of Release on Recognizance, not parole under 8 U.S.C. § 1182(d)(5)(A)."  *Allen v. Department of Homeland Security,* No. 26 Civ. 4142 (JHR), ECF No. 8 at 2 n.1.  In other words, by DHS's own description, petitioner Allen is similarly situated to Petitioner Yan.  *See* ECF No. 11 at 3 (Respondents stating that "Petitioner [Yan] was apprehended at or near the border" and "subsequent[ly] release[d] on his own recognizance"); ECF No. 11-3 (stating that Petitioner was "released on [his] own recognizance" "[i]n accordance with section 236 of the Immigration and Nationality Act").  In *Allen,* however, DHS "acknowledge[d] that *Barbosa da Cunha,* which is controlling in the Second Circuit, likely counsel[ed] treating Petitioner as subject to *8 U.S.C. § 1226.*"  *Allen,* No. 26 Civ. 4142, ECF No. 8 at 2 n.1 (emphasis added) (further noting that "ICE [wa]s now detaining Petitioner pursuant to 8 U.S.C. § 1226(a)").  *See Markino Oldacre v. Arteta*, No. 26 Civ. 2672 (JGK), 2026 WL 1398650, at *1, *3 (S.D.N.Y. May 19, 2026) (where noncitizen who "unlawfully entered the

3

United States from Mexico" "encountered a Border Patrol agent in or around San Diego and was subsequently arrested" and "released on his own recognizance," "the Government concede[d]" that "this Court's decision in *Romero Perez* v. *Francis*, . . . its progeny, and the Court of Appeals's recent decision in *Barbosa da Cunha v. Freden*" "foreclosed" the argument that the noncitizen was "properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A)").

By **June 5, 2026**, Respondents shall file a letter comparing their position in the instant matter with that in *Allen*, No. 26 Civ. 4142, and *Markino Oldacre*, No. 26 Civ. 2672.

SO ORDERED.

Dated: June 1, 2026
New York, New York

Jennifer H. Rearden
JENNIFER H. REARDEN
United States District Judge

4