**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 5, 2026

By **June 12, 2026**, the parties shall file a joint letter apprising the Court of the status of Petitioner's BIA appeal and proposing next steps.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Dated: June 9, 2026

**By ECF**
The Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Yan v. Almodovar, et al.*, No. 26 Civ. 2654 (JHR)

Dear Judge Rearden:

This Office represents the Government in the above-referenced immigration habeas corpus action. On June 1, 2026, the Court issued an order directing the government to clarify its position in this case given the position it has taken in other cases, *e.g.*, *Allen v. DHS*, No. 26 Civ. 4142; *Oldacre v. Arteta*, No. 26 Civ. 2672. ECF No. 20. I write respectfully to provide that response. In short, I write to clarify that the position taken in *Allen* and *Oldacre* are correct, and the position taken in the government's May 8 letter (ECF No. 18) is no longer correct. However, there are additional wrinkles present here.

The government set forth the pertinent facts in its portion of the joint letter filed on April 3, which are repeated here. ECF No. 6. Petitioner is a native and citizen of China who unlawfully entered the United States without inspection on or about February 5, 2024. He was apprehended by Border Patrol the same day, at which time he was arrested, served a Notice to Appear that charged him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), and released on an Order of Release on Recognizance (Form I-220A). On December 11, 2025, Petitioner was arrested by the NYPD and charged with petit larceny. On March 31, 2026, Petitioner reported to ICE at 26 Federal Plaza for a check-in, at which time he was taken into custody. ICE served Petitioner with a Form I-200 Warrant for Arrest and canceled his Form I-220A Order of Release on Recognizance. ICE detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), pursuant to the BIA's precent decision *Matter of Yajure Hurtado*, based on his manner of entry.

After the Second Circuit's decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), the government views someone in Petitioner's position as now being subject to 8 U.S.C. § 1226. The *Barbosa da Cunha* decision principally addressed the detention authority for an alien who had illegally entered the United States, evaded apprehension at the border, and was later encountered and apprehended in the interior. In its decision, the Second Circuit expressly preserved Section 1225(b)(2)(A)'s application to "those noncitizens who present themselves at a port of entry for admission, *or who cross the physical border into the United States but are apprehended at the 'threshold of initial entry*.'" *Barbosa da Cunha*, 175 F.4th at 75 (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107, 140 (2020)) (emphasis added). The court

further cited *Leng May Ma v. Barber*, 357 U.S. 185, 189 (1958), for the proposition that paroled noncitizens are treated "as if stopped at the boundary line." *Id.* (cleaned up). Here, while Petitioner was encountered at the threshold of initial entry, CBP released Petitioner pursuant to 8 U.S.C. § 1226(a) on an Order of Release on Recognizance, not parole under 8 U.S.C. § 1182(d)(5)(A).[1] Given this, the government acknowledges that *Barbosa da Cunha* likely counsels treating people in Petitioner's circumstances as being subject to 8 U.S.C. § 1226, not § 1225(b).[2]

The different position taken in the May 8 letter appears to have been based on interim guidance that was provided to this Office, which has since changed. Notably, the distinction drawn is between aliens apprehended at the border who were released on parole (which is the proper mechanism for release from § 1225(b) custody) and those who were released on orders of release on recognizance (which is not the appropriate release mechanism, as such release is for aliens detained under § 1226(a)). We apologize for not amending this position sooner.

However, this case presents two additional wrinkles. First, while venue is proper in this Court because Petitioner was detained within this District at the time the petition was filed on March 31, 2026, Petitioner was transferred to Louisiana on April 8, 2026, and is currently detained in Louisiana, which is located within the Fifth Circuit (and Petitioner's removal proceedings were venued in Louisiana). Consequently, ICE views Petitioner's detention as being governed by law in the Fifth Circuit, under which his detention would fall under § 1225(b)(2)(A).

Second, Petitioner appears to now be subject to a final removal order, and thus his detention would now be governed by 8 U.S.C. § 1231(a)(2) (which would render moot a challenge to pre-order detention, *see, e.g.*, *Godfrey v. Ball*, No. 23-7104, 2024 WL 4471571, at *1 (2d Cir. Oct. 11, 2024)). An immigration judge ordered Petitioner removed on May 1, 2026, and the deadline to file an appeal was June 1, 2026. Petitioner submitted a timely notice of appeal on June 1, 2026, but the BIA rejected that notice for a technical deficiency (because the form did not specify whether counsel was pro bono). I understand from Petitioner's counsel that he is in the process of preparing a motion for late acceptance of appeal, which, if accepted by the BIA, would render Petitioner's removal order non-final, and his detention challenge would remain live.

I have conferred with Petitioner's counsel and respectfully propose that the parties submit a joint status letter to the Court regarding the status of the BIA appeal by Friday, June 12.

* * *

[1] At one point, the government's May 8 letter incorrectly stated that Petitioner had been released on parole. ECF No. 18 at 2.

[2] If a person had instead been released on parole under 8 U.S.C. § 1182(d)(5)(A), the government views *Barbosa da Cunha* as supporting application of 8 U.S.C. § 1225(b).

I thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: /s/ *Brandon M. Waterman*
BRANDON M. WATERMAN
Assistant United States Attorney
Telephone: (212) 637-2743
E-mail: brandon.waterman@usdoj.gov

cc: Counsel of Record (via ECF)