UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FENGQI YAN,

                          Petitioner,                          26 Civ. 2654 (JHR)

              -v.-                                              MEMORANDUM OPINION &
                                                               ORDER
JUDITH ALMODOVAR et al.,

                          Respondents.

JENNIFER H. REARDEN, District Judge:

Before the Court is Petitioner Fengqi Yan's petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2241 (the "Petition"), ECF No. 1, and motion for a preliminary injunction, ECF

No. 8.  Petitioner seeks immediate release from custody or, in the alternative, "a prompt

individualized bond hearing at which the Government bears the burden of justifying continued

detention by clear and convincing evidence, and must demonstrate that Petitioner poses a risk of

flight or a danger to the community."  ECF No. 1 at 23; *see also* ECF No. 8.  For the following

reasons, the Petition is GRANTED.  Respondents are ORDERED to cause an individualized

bond hearing for Petitioner to be conducted before an Immigration Judge pursuant to 8 U.S.C.

§ 1226(a) by **July 15, 2026**.

## I.    BACKGROUND

Petitioner "unlawfully entered the United States without inspection on or about February

5, 2024" and "was apprehended by Border Patrol the same day, at which time he was arrested,

served a Notice to Appear that charged him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i),

and released on his [own] recognizance."  ECF No. 6 at 2; *see also* ECF No. 11-1 at 2.  On

December 11, 2025, Petitioner was arrested for "petit larceny pursuant to the New York Penal

Law ('N.Y.P.L[.]') § 155.25, and criminal possession of stolen property pursuant to N.Y.P.L.

§ 165.40."  ECF No. 11 at 2; ECF No. 12-1, Ex. B (listing an arrest date of "12/11/2025" and

charges of "PL 155.25, PL 165.40"); *see also* ECF No. 11-1 at 2-3 (noting that, "on December 11, 2025, [Petitioner] was arrested and charged . . . for Petit Larceny (misdemeanor)" and "[o]n December 12, 2025, [Petitioner] was identified by ERO New York City Field Office . . . with a recent arrest"). The New York County District Attorney's office "declined to prosecute" Petitioner, and the case "was not docketed in court and there [was] no court disposition." ECF No. 12-1, Ex. B (letters from District Attorney); *see also* ECF No. 11 at 2 (Respondents acknowledging that "Petitioner's charges were ultimately not prosecuted"). On March 31, 2026, "Petitioner reported to ICE at 26 Federal Plaza for a check-in" where ICE "[took him] into custody," "served Petitioner with a Form I-200 Warrant for Arrest," and "canceled his Form I-220A Order of Release on Recognizance." ECF No. 6 at 2; *see also* ECF No. 11-1 at 2.

That same day, Petitioner filed this Petition. *See* ECF No. 1. The Court directed the parties to appear for a case management conference on April 6, 2026 and to file a joint letter, by no later than April 3, 2026, "stating whether the conference [was] necessary and addressing how the Court should handle this Petition." ECF No. 3. On April 3, 2026, the parties filed a letter stating that "the scheduled conference and full briefing [were] not necessary in light of the positions taken herein," and that "[t]he primary legal issue presented in the Petition concerns the statutory authority for Petitioner's detention—whether it is 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b)(2)(A)." ECF No. 6 at 1-2. Petitioner acknowledged that "the facts and issues in" this Court's decision in *Weng v. Genalo* were "materially indistinguishable from this case" and "reserve[d] all rights and arguments for appeal, including [his] position that Petitioner's detention falls under 8 U.S.C. § 1226." *Id.* at 1. In light of that letter, the Court adjourned the conference scheduled for April 6, 2026. ECF No. 7.

On April 29, 2026, Petitioner filed an emergency motion for a temporary restraining order and preliminary injunction in light of the Second Circuit's decision in *Barbosa Da Cunha*

*v. Freden*, 175 F.4th 61 (2d Cir. 2026).  ECF No. 8.  The Court directed Respondents to file a letter by April 30, 2026 "address[ing] the impact of *Cunha v. Freden*, No. 25-3141 (2d Cir. Apr. 28, 2026), on this case."  ECF No. 9.  On April 30, 2026, Respondents filed a letter contending that "Petitioner is subject to mandatory detention under the [Laken Riley Act, 8 U.S.C. § 1226(c)]," because of his prior arrest "for petit larceny pursuant to [N.Y.P.L.] § 155.25, and criminal possession of stolen property pursuant to N.Y.P.L. § 165.40."  ECF No. 11 at 2.  In addition, Respondents argued that "*Da Cunha* does not prohibit Petitioner['s] detention pursuant to 8 U.S.C. § 1225(b)(2)(A) because Petitioner was apprehended at or near the border," also noting that "DHS [wa]s still assessing the impact of *Da Cunha*" and that Respondents "would notify the court if [their] understanding of the agency's position change[d]."  *Id.* at 3.

Petitioner responded that the Laken Riley Act does not apply because "[i]t is clear from the record that Petitioner was never charged with, convicted of, or made any admission related to the commission of a crime of shoplifting or larceny."  ECF No. 12 at 1.  Petitioner adduced a copy of his Desk Appearance Ticket and letters from the District Attorney confirming that "the New York County District Attorney's Office [had] declined to prosecute charge(s) against [Petitioner]."  ECF No. 12-1.

Also on April 30, 2026, the Court directed Petitioner to file a letter "reporting the outcome of Petitioner's May 1, 2026 individual merits hearing" before the Immigration Judge. ECF No. 13.  On May 4, 2026, Petitioner informed the Court that the Immigration Judge had ordered Petitioner's removal, but because Petitioner's appeal was not due until June 1, 2026, the order was not final.  ECF No. 16.  In that same letter, Petitioner requested "to withdraw the Motion for TRO" at ECF No. 8 but "renew[ed] his request for immediate release, or any or all other relief the Court deems appropriate."  *Id.*

On May 6, 2026, the Court directed Respondents to file "a response to Petitioner's argument that 'he should not be considered to be subject to [Section 1226(c)'s] mandatory detention provision.'"  ECF No. 17 (quoting ECF No. 12 at 1-2).  Pursuant to that Order, on May 8, 2026, Respondents filed a letter stating that, "under *H.A.* and *Guzman*, Petitioner would not be subject to detention under Section 1226(c) and the Laken Riley Act if, as his submission indicates, the New York District Attorney declined to prosecute the charges of larceny and criminal possession of stolen property," because "Section 1226(c) 'does not compel detention where charges have been dismissed.'"  ECF No. 18 at 1 (citing *H.A. v. Genalo*, No. 26 Civ. 2706 (AT), 2026 WL 1159512, at *3-4 (S.D.N.Y. Apr. 28, 2026); *Guzman v. Arteta*, No. 26 Civ. 2808 (DEH), 2026 WL 1045920, at *4 (S.D.N.Y. Apr. 16, 2026)).  Instead, Respondents maintained that Petitioner was properly detained "pursuant to 8 U.S.C. § 1225(b)(2)(A) because Petitioner was initially apprehended at or near the border, was detained pursuant to 8 U.S.C. § 1225(b)(2)(A), and paroled into the United States."  *Id.*  Further, Respondents contended that, "should this Court find that Petitioner is . . . detained pursuant to 8 U.S.C. § 1226(a)," "the required remedy under *Barbosa da Cunha* is for the Court to order a bond hearing where the government would bear the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified based on his dangerousness to the community or risk of flight."  *Id.* at 2.

On May 19, 2026, Petitioner responded to Respondents' May 8, 2026 letter.  ECF No. 19.  According to Petitioner, Respondents had "conceded that Petitioner is not subject to the Laken Riley Act's [] mandatory detention provisions because the New York District Attorney's office declined to charge him."  *Id.* at 1.  Petitioner also contested "Respondents' reading of *Da Cunha*," arguing that "the Second Circuit [did not] limit the remedy to a bond hearing with the burden being shifted to the Respondents."  *Id.* at 2.

4

On June 1, 2026, the Court ordered Respondents to file a letter comparing their position in the instant matter with that in *Allen v. Department of Homeland Security*, No. 26 Civ. 4142 (JHR), and *Markino Oldacre v. Arteta* (*Oldacre I*), No. 26 Civ. 2672 (JGK), 2026 WL 1398650 (S.D.N.Y. May 19, 2026).  ECF No. 20 at 3 (noting that, in *Allen* and *Oldacre I*, the Department of Homeland Security had "t[aken] a different position" as to petitioners who appeared to be "similarly situated" to Yan, i.e., that *Barbosa da Cunha* "likely counsel[ed] treating [those petitioners] as subject to *8 U.S.C. § 1226*.").  On June 5, 2026, Respondents acknowledged that "the position[s] taken in *Allen* and *Oldacre* are correct," and that, "[a]fter the Second Circuit's decision in *Barbosa da Cunha* . . . , the government views someone in Petitioner [Yan]'s position as now being subject to 8 U.S.C. § 1226."  ECF No. 21 at 1.[1]  Respondents also suggested that the instant matter may be moot, because "Petitioner appears to now be subject to a final removal order," under which his detention "would [] be governed by 8 U.S.C. § 1231(a)(2)."  ECF No. 21 at 2.  On June 9, 2026, the Court directed the parties to file a joint letter "apprising the Court of the status of Petitioner's BIA appeal and proposing next steps."  ECF No. 22.  The parties informed the Court on June 12, 2026 that "Petitioner's appeal was accepted by the Board of

---

[1] Respondents also stated that, because Petitioner is currently detained in Louisiana, "ICE views Petitioner's detention as being governed by law in the Fifth Circuit, under which his detention would fall under § 1225(b)(2)(A)."  ECF No. 21 at 2.  But Respondents concede that "venue is proper in this Court."  *Id*.  And this Court is bound by Second Circuit precedent.  *See Berhe v. Garland*, No. 21-6042, 2024 WL 807328, at *1 (2d Cir. Feb. 27, 2024) ("apply[ing] this Circuit's law" in appeal from BIA decision "[b]ecause venue is proper here" (citing *Matter of Garcia*, 28 I. & N. Dec. 693, 703 (B.I.A. 2023) ("[T]he controlling circuit law in Immigration Court proceedings for choice of law purposes is the law governing the geographic location of the Immigration Court where venue lies.")); *Gonzalez Evangelista v. Decker*, No. 20 Civ. 8758 (AKH), 2021 WL 101201, at *2 (S.D.N.Y. Jan. 12, 2021) (holding that "Second Circuit law is the governing law, not any different nuance or rule of [a different] Circuit"—notwithstanding the fact that petitioner was detained at a facility in [that other] Circuit—because, as here, petitioner "reside[d] . . . in New York," "the person in charge of [petitioner's] detention . . . ha[d] his office and staff and work[ed] in New York," and "the immigration orders regarding [petitioner] were issued from New York").

Immigration Appeals, and so his removal order is no longer final," and that "the issues in this case remain live." ECF No. 23.

The parties then requested "additional time to confer further regarding next steps." *Id.* The Court directed the parties to file a status update by June 18, 2026. ECF No. 24. On June 18, 2026, the parties filed a letter requesting additional time to confer and "to submit a joint status letter to the Court by Wednesday, June 24, [2026]" ECF No. 26, which the Court granted, ECF No. 27. On June 24, 2026, Respondents filed a letter stating that "[t]he parties ha[d] conferred about next steps and agree[d] that the Court [could] proceed to decide the case." ECF No. 28.

## II.    DISCUSSION

### A. Section 1225(b)

On April 28, 2026, the Second Circuit issued its decision in *Barbosa Da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), which held, as relevant here, that "Section 1225(b)(2)(A) does not apply to . . . noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." *Id.* at 69. Instead, according to *Da Cunha*, Section 1226(a) "governs detention of [such] noncitizens." *Id.* As previously explained, *supra* at 5, on June 5, 2026, Respondents acknowledged that, "[a]fter the Second Circuit's decision in *Barbosa da Cunha* . . . , the government views someone in Petitioner's position as now being subject to 8 U.S.C. § 1226," "not § 1225(b)." ECF No. 21 at 1-2.

### B. The Laken Riley Act

The Laken Riley Act, 8 U.S.C. § 1226(c), mandates detention for any noncitizen who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to

6

another person." *Id.* § 1226(c)(1)(E)(ii). "Courts in this District have found . . . that § 1226(c) 'does not compel detention where charges have been dismissed.'" *H.A. v. Genalo*, No. 26 Civ. 2706 (AT), 2026 WL 1159512, at *3-4 (S.D.N.Y. Apr. 28, 2026) (citing *Guzman v. Arteta*, No. 26 Civ. 2808 (DEH), 2026 WL 1045920, at *3-4 (S.D.N.Y. Apr. 16, 2026)). In any event, as noted above, *supra* at 4, Respondents have acknowledged that "Petitioner would not be subject to detention under Section 1226(c) and the Laken Riley Act if, as his submission indicates, the New York District Attorney declined to prosecute the charges of larceny and criminal possession of stolen property." ECF No. 18 at 1. Petitioner has submitted documentary support for his argument that the District Attorney "declined to prosecute" the charges against him. ECF No. 12-1, Ex B; *supra* at 2-3. Accordingly, Petitioner is not subject to mandatory detention under Section 1226(c).

## C. Section 1226(a)

Because Respondents have conceded that Petitioner is not subject to mandatory detention under Section 1225(b) or 1226(c), ECF Nos. 18, 21; *supra* at 4-7, Petitioner "may be detained only under [Section] 1226(a)." *Oldacre v. Arteta* (*Oldacre II*), No. 26 Civ. 2672 (JGK), 2026 WL 1718184, at *3 (S.D.N.Y. June 12, 2026).

Section 1226(a) provides that, for a noncitizen who is "arrested and detained" "[o]n a warrant issued by the Attorney General," the Attorney General (1) "may continue to detain" the arrested noncitizen, (2) "may release" the noncitizen on "bond," or (3) "may release" the noncitizen on "conditional parole." 8 U.S.C. § 1226(a)(1)-(2). Given that, "[u]nder § 1226(a), a noncitizen is entitled to an individualized bond hearing at the outset of detention to assess danger and flight risk," the Court directs Respondents to provide Petitioner with "a bond hearing before an Immigration Judge pursuant to [] § 1226(a)." *Romero v. Francis*, No. 25 Civ. 8112 (JGK), 2025 WL 3110459, at *3-4 (S.D.N.Y. Nov. 6, 2025) ("[P]etitioner [] may only be subject to

7

detention under § 1226(a) after a bond hearing."); *see, e.g.*, *Barbakadze v. Flanagan*, No. 25 Civ. 10182 (JGK), 2025 WL 3719620, at *2 (S.D.N.Y. Dec. 23, 2025) ("To the extent that [petitioner] requests immediate release before this Court, that request is denied."); *Oldacre II*, 2026 WL 1718184, at *3 (ordering bond hearing after concluding that petitioner could "be detained only under § 1226(a)"); *Da Cunha v. Freden*, No. 25 Civ. 6532 (MAV), 2025 WL 3280575, at *7 (W.D.N.Y. Nov. 25, 2025) ("find[ing] that Petitioner was detained under § 1226(a), [] not subject to mandatory detention under § 1225(b)(2)," and thus "entitled to a bond hearing at the outset of detention as established by existing federal regulations" (internal quotation marks and citation omitted)), *aff'd*, 175 F.4th 61 (2d Cir. 2026); *Sun v. Almodovar*, No. 25 Civ. 9262 (PKC), 2025 WL 3241268, at *3 (S.D.N.Y. Nov. 20, 2025) (similar). "While [28 U.S.C.] § 2241 does not include a statutory exhaustion requirement, district courts in this Circuit have recognized such a requirement as a prudential matter before immigration detention may be challenged in federal court by a writ of habeas corpus." *Michalski v. Decker*, 279 F. Supp. 3d 487, 495 (S.D.N.Y. 2018) (internal quotation marks and citation omitted) (denying habeas petition where a bond hearing had already been scheduled); *see Barbakadze*, 2025 WL 3719620, at *2 (holding that petitioner "must first exhaust available remedies in his immigration proceedings" and ordering a bond hearing); *Oldacre II*, 2026 WL 1718184, at *3 (S.D.N.Y. June 12, 2026) ("[I]mmediate release is not appropriate because pursuing administrative remedies at this stage—a bond hearing before an immigration judge at which the Government bears the burden of proof—would not be futile." (citing *Romero*, 2025 WL 3110459, at *3)).

## III.    CONCLUSION

For the foregoing reasons, the Petition is GRANTED.  Respondents are ORDERED to cause an individualized bond hearing for Petitioner to be conducted before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) by **July 15, 2026.**  *See, e.g.*, *Oldacre II*, 2026 WL 1718184, at *3

8

(ordering, on June 12, 2026, that petitioner, who had been detained since March 31, 2026, was entitled to a bond hearing within seven days); *Quintanilla v. Decker*, No. 21 Civ. 417 (GBD), 2021 WL 707062, at *4 (S.D.N.Y. Feb. 22, 2021) (ordering, on February 22, 2021, that petitioner, who had been detained since November 12, 2020, was entitled to a bond hearing "[w]ithin ten (10) business days"); *cf. Xiaoquan Chen v. Almodovar*, No. 25-3169, ECF No. 49.1 (2d Cir. May 6, 2026) (ordering, after petitioner had been detained for approximately seven months, *see Chen v. Almodovar*, 815 F. Supp. 3d 314, 317 (S.D.N.Y. 2025), "that Petitioner be released . . . pending disposition of his appeal").

"At the hearing, the Government shall bear the burden to prove, by clear and convincing evidence, that the petitioner is a danger to the community or a risk of flight." *Romero*, 2025 WL 3110459, at *4; *see, e.g.*, *Oldacre II*, 2026 WL 1718184, at *3; *Velasco Lopez v. Decker*, 978 F.3d 842, 856-57 (2d Cir. 2020) (upholding order "requiring the Government to prove that [petitioner] is a danger to the community or a flight risk by clear and convincing evidence to justify his continued detention").

If the Immigration Judge orders Petitioner's release, Respondents are directed to (i) inform Petitioner as to the expected time and place of Petitioner's release, (ii) immediately transport Petitioner back to the Southern District of New York, and (iii) immediately upon effectuating his transfer, release him from custody.

Respondents are further directed to file a letter updating the Court on the status of this matter by **July 17, 2026**.

The Clerk of Court is directed to terminate ECF No. 8.

SO ORDERED.

9

Dated: July 8, 2026
      New York, New York

JENNIFER H. REARDEN
United States District Judge

10